```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:06CR3127 |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| LYNNDARRELL FONTAINE BERRY ) | |
| SR., ) | **SEALED** |
| ) | **E-GOVERNMENT ACT** |
| Defendant. ) | |
| ) | |

Defendant has moved for release to an inpatient drug abuse treatment program. He has provided the court with a substance abuse evaluation report recommending such treatment. The government has not opposed the motion.

Defendant's past includes a criminal record which began with a shoplifting charge, later dismissed, when he was twelve. It includes numerous charges of driving offenses and driving under suspension, as well as various marijuana charges. It also includes several assault charges, failures to comply with police, negligent child abuse, failures to appear, and bond forfeitures.

Defendant has also demonstrated irresponsible behavior in numerous other ways. He dropped out of high school to "hang" with friends, has two children born out of wedlock, has no steady employment history, last worked for an escort service as a bouncer, and has had a self-reported, steady pattern of drug use since he was twelve. He has taken no action to get a GED or any technical or marketable skills training. He reportedly has told his girlfriend he was going to quit using drugs, but has not. He claims that despite going to work under the influence, his drug use did not affect his employment performance. He claims to want

to be a good father, but has taken no apparent action on his own to become one.  According to the pretrial services report, he was behind in his child support obligations almost $3,000 until recently when some bond money (which had apparently been posted by his employer) was released to him; according to the evaluation report, he quit his job when he had an argument with the owner over money he owed his employer for bonding him out of jail.  Despite his own history, he has not reported taking any classes or other training in parenting skills so as to possibly improve his children's chances for successful and productive lives.

Defendant's motion attributes this history to his drug use, and asks the court to release him to treatment.  However, the evaluator noted defendant's "lack of insight" into his drug use and its consequences.  More significantly, the evaluator also noted that although defendant was evaluated for substance abuse treatment two years ago as part of a criminal prosecution and that evaluation recommended intensive outpatient treatment, defendant did not enroll in such treatment even after he finished his thirty-day sentence on that case.  That is to say, when treatment did not represent a "ticket out of jail," he was not interested in it.  There is nothing before me indicating the defendant's attitude has changed.  Defendant has "talked the talk," but in the opinion of the evaluator, defendant "has a significant amount of denial or delusion surrounding his abilities and his relationship with cocaine and marijuana."

It appears to the court that defendant is not sincere in his statements that he wants to improve himself and that putting him into a treatment program with his present attitude would not only be a complete waste of time and money, but would also take up a

2

space better reserved for a person who truly wants to work on his or her problem with substances.  I shall deny the motion.

IT THEREFORE HEREBY IS ORDERED,

1.  The motion, filing 16, is denied.

2.  This memorandum and order shall be sealed pursuant to the E-Government Act.

DATED this 8th day of December, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge